# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| ELVIS MOODIE, RAYON FISHER, DESMOND ELLIS, and KEISHA COLLINS-ENNIS, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-1097-RMG |
| Plaintiffs, | |
| vs. | **ANSWER OF DEFENDANT** |
| KIAWAH ISLAND INN COMPANY, LLC, d/b/a KIAWAH ISLAND GOLF RESORT, | |
| Defendant. | |

NOW COMES THE DEFENDANT, Kiawah Island Inn Company, LLC, d/b/a Kiawah Island Golf Resort ("Kiawah") and answers the allegations of Plaintiffs set forth in the Complaint. Kiawah makes this Answer subject to its Motion to Dismiss filed simultaneously herewith and incorporates such Motion herein.

Each and every allegation contained in the Complaint that is not specifically admitted or denied herein is denied and strict proof thereof demanded. Kiawah denies any allegations that reference or relate to "other class members," as a class has not been certified or recognized.

PRELIMINARY STATEMENT

1.      Kiawah admits so much of Paragraph 1 of the Complaint as alleges or may be construed to allege that Plaintiffs are Jamaican workers who were admitted to the United States to work under the H-2B temporary foreign worker visa program and were employed by Kiawah. Kiawah further admits so much thereof as alleges, or may be construed to allege, that Plaintiff

Keisha Collins-Ennis ("Ennis") worked for Kiawah from March 1 until November 11 in 2013 and from March 28 until October 18 in 2014; Plaintiff Elvis Moodie ("Moodie") was employed by Kiawah from April 12 until November 15 in 2013 and from March 28 until November 4 in 2014 and is currently employed by Kiawah;  Plaintiff Rayon Fisher ("Fisher") was employed by Kiawah from March 28 until November 16 in 2014; and Plaintiff Desmond Ellis ("Ellis") was employed by Kiawah from March 28 until May 31 in 2014.   Kiawah further admits that Plaintiffs' Complaint purports to seek redress on behalf of Plaintiffs and all similarly situated workers for alleged violations of their rights under the Fair Labor Standards Act ("FLSA"), the South Carolina Payment of Wages Act ("SCPWA") and South Carolina contract law.  Kiawah denies the remaining allegations contained in Paragraph 1, demands strict proof thereof, and would further state that Kiawah has not violated any rights of the Plaintiffs or any other workers under its H-2B visa program and has complied with all applicable and enforceable laws and regulations.

     2.     Answering Paragraph 2 of the Complaint, Kiawah admits only that Plaintiffs purport to bring their action on behalf of a class of "guest workers" from Jamaica. Kiawah admits so much of Paragraph 2 as alleges or may be construed to allege that Kiawah provides employment to Plaintiffs and other guest workers under its H-2B visa program who come to the United States from Jamaica to work on time limited work visas due to the shortage of U.S. workers to fill available jobs. Kiawah denies the remaining allegations contained in Paragraph 2 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, demands strict proof thereof, and would further state that the wages paid to Plaintiffs and other participants in its H-2B visa program were and are in compliance with the applicable and enforceable laws and regulations.

3.      Kiawah denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.      The Supplemental Prevailing Wage Determinations or "SPWD" referenced in Paragraph 4 were vacated and are of no force or effect, therefore Kiawah was not required to pay the SPWD and Kiawah admits so much of Paragraph 4 as alleges or may be construed to allege that Kiawah did not pay the increased supplemental prevailing wage set forth in the DOL notices attached as Exhibit B to the Complaint (the "Supplemental Prevailing Wage Determinations" or "SPWD") for the reasons set forth in Plaintiff's Motion to Dismiss filed simultaneously herewith. Kiawah denies the remaining allegations contained in Paragraph 4 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

5.      Kiawah denies the allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6.      Answering Paragraph 6 of the Complaint, Kiawah admits only that Plaintiffs purport to seek the relief described therein and denies the remaining allegations contained in Paragraph 6 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

JURISDICTION

7.      Answering Paragraph 7 of the Complaint, Kiawah admits only that this Court has jurisdiction over this matter and denies the remaining allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof. Kiawah further states that none of the causes of action set forth in the Complaint constitutes a valid claim upon which relief may be granted.

8.      Answering Paragraph 8 of the Complaint, Kiawah admits only that this Court is

authorized to provide declaratory relief, but denies the remaining allegations and demands strict proof thereof.

VENUE

9.      Answering Paragraph 9 of the Complaint, Kiawah admits only that venue is proper in this district, but denies that there is any act or event which gives rise to a cause of action against Kiawah and demands strict proof thereof.

PARTIES

10.      Answering Paragraph 10 of the Complaint, Kiawah admits that Plaintiffs were admitted to the United States under the H-2B temporary foreign worker visa program administered in part by the United States Department of Labor.  Kiawah denies the remaining allegations contained in Paragraph 10 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

11.      Answering Paragraph 11 of the Complaint, Kiawah admits only that Plaintiffs were employees of Kiawah. The remaining allegations in Paragraph 11 assert one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah denies the remaining allegations contained in Paragraph 11 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

12.      Answering Paragraph 12 of the Complaint, Kiawah admits only that Plaintiffs were employed by Kiawah.  The remaining allegations in Paragraph 12 assert one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah denies the remaining allegations contained in Paragraph 12 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and

demands strict proof thereof.

13.    Kiawah admits the allegations contained in Paragraph 13 of the Complaint.

14.    Kiawah admits so much of Paragraph 14 of the Complaint as alleges or may be construed to allege that Rayon Fisher was employed by Defendant as a cook pursuant to an H-2B visa during the 2014 season and was a resident of Jamaica, but lacks sufficient information or knowledge to admit or deny his current residence and, therefore denies same and demands strict proof thereof.

15.    Kiawah admits so much of Paragraph 15 of the Complaint as alleges or may be construed to allege that Desmond Ellis was employed by Defendant as a server pursuant to an H-2B visa during the 2014 season and was a resident of Jamaica, but lacks sufficient information or knowledge to admit or deny his current residence and, therefore denies same and demands strict proof thereof.

16.    Kiawah admits so much of Paragraph 16 of the Complaint as alleges or may be construed to allege that Keisha Collins-Ennis was employed by Defendant as a housekeeper pursuant to an H-2B visa during the 2013 and 2014 seasons and was a resident of Jamaica, but lacks sufficient information or knowledge to admit or deny her current residence and, therefore denies same and demands strict proof thereof.

17.    Kiawah admits the allegations contained in Paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint asserts one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah admits the allegations contained in Paragraph 18 of the Complaint.

19.    Paragraph 19 of the Complaint asserts one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah denies the

allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

FACTS

20.     Paragraph 20 asserts one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah denies the allegations in Paragraph 20 and any inference that it has not comported its actions to the statute Plaintiffs reference in this allegation.

21.     Paragraph 21, including its footnote and all subparts, asserts one or more legal conclusions to which Kiawah is not required to respond. To the extent a response is required, Kiawah denies the allegations contained in Paragraph 21 of the Complaint, including any inference arising therefrom, and demands strict proof thereof.

22.     Kiawah admits the allegations of Paragraph 22, including its footnote and all subparts of the Complaint and would further state that, in addition, in 2012, Kiawah was granted certification to import a number of housekeepers. Kiawah denies any inference that the temporary labor certifications identified any particular individual as an H-2B worker.

23.     Answering Paragraph 23 of the Complaint, Kiawah would refer to temporary labor certifications and the language therein, which speaks for itself. Any remaining allegations and inferences made therefrom are denied.

24.     Kiawah admits the allegations contained in Paragraph 24 of the Complaint, however Kiawah denies any inference that the temporary labor certifications identified any particular individual as an H-2B worker.

25.     Kiawah denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26.     Kiawah denies the allegations contained in Paragraph 26 of the Complaint and

demands strict proof thereof.

27.     Kiawah admits the allegations contained in Paragraph 27 of the Complaint except as to the allegations concerning any purported class members as a class has not been certified or recognized.  As to these allegations, Kiawah denies the same and demands strict proof thereof.

28.     Answering Paragraph 28 of the Complaint, Kiawah admits, upon information and belief, so much thereof as alleges, or may be construed to allege, that Plaintiff Elvis Moodie maintains his permanent residence in Jamaica. Kiawah lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies same and demands strict proof thereof.

29.     Kiawah denies the allegations contained in Paragraph 29 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

30.      Answering Paragraph 30 of the Complaint, Kiawah admits so much thereof as alleges or may be construed to allege that Kiawah contracts with Florida East Coast Travel Services, Inc. ("FLECTS") to assist it in obtaining H-2B workers from Jamaica, including the Plaintiffs, and admits upon information and belief that FLECTS is a labor recruiter based in Hialeah Lakes, Florida, that offers recruitment and travel services U.S. companies looking to import H-2B workers from Jamaica. Kiawah lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 30 of the Complaint and, therefore, denies same, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

31.     Kiawah admits so much of Paragraph 31 of the Complaint as alleges or may be construed to allege that Kiawah interviews prospective employees in Jamaica and that Kiawah

requests that certain workers return to Kiawah for another season. Kiawah lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 of the Complaint and, therefore, denies same and demands strict proof thereof.

32.     Kiawah admits the allegations contained in Paragraph 32 of the Complaint.

33.     Kiawah admits so much of Paragraph 33 as alleges or may be construed to allege that following interviews by Kiawah personnel in Jamaica, Kiawah selects the individuals that it wants to hire for the season. Kiawah lacks sufficient knowledge or information to admit or deny so much of Paragraph 33 as alleges or may be construed to allege that The Ministry of Labour notifies the selected H-2B worker that they have been hired or re-hired and must travel to Kingston for medical processing, denies same and demands strict proof thereof. Kiawah denies the remaining allegations of Paragraph 33 of the Complaint and demands strict proof thereof.

34.     Kiawah lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Complaint, therefore, denies same, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

35.     Kiawah admits only so much of Paragraph 35 as alleges, or may be construed to allege, that Kiawah did not pay Plaintiffs for round trip transportation from their home town to Kingston for medical processing.  Kiawah lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, denies same, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

36.     Kiawah lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of the Complaint and, therefore, denies same, including the

reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

37.     Kiawah denies the allegations of Paragraph 37 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

38.     Kiawah lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, denies same, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

39.     Kiawah admits so much of Paragraph 39 as alleges, or may be construed to allege, that Plaintiffs travelled from Jamaica to South Carolina to begin work and, upon information and belief, flew from Jamaica to Florida and travelled by bus from Florida to South Carolina. Kiawah denies the remaining allegations contained in Paragraph 39 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

40.     Kiawah denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41.     Answering Paragraph 41 of the Complaint, Kiawah refers Plaintiff to its answers to Paragraphs 35 through 38 above.

42.     Kiawah denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.     Kiawah denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44.     Kiawah denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

45.     Paragraph 45 of the Complaint contains one or more conclusions or law to which Kiawah is not required to respond.  To the extent a response is required, Kiawah denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

46.     Kiawah admits the allegations contained in Paragraph 46 of the Complaint.

47.     Kiawah admits the allegations contained in Paragraph 47 of the Complaint.

48.     Kiawah denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

49.     Answering Paragraph 49 of the Complaint, Kiawah would refer to the language of the letters to Kiawah as such language speaks for itself.

50.     Kiawah lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50 of the Complaint and, therefore, denies same and demands strict proof thereof.

51.     Kiawah admits the allegations contained in Paragraph 51 of the Complaint except for the reference to "other class members" which Kiawah denies, as a class has not been certified or recognized, and would further state that the Supplemental Prevailing Wage Determinations referenced by Plaintiffs in Paragraphs 46 through 51 were vacated by the DOL's administrative court, the Board of Alien Labor Certification Appeals (BALCA) and were and are of no force or effect.  Kiawah refers Plaintiffs to its Motion to Dismiss filed simultaneously herewith.

52.     Kiawah admits so much of Paragraph 52 of the Complaint as alleges or may be construed to allege that Kiawah located and arranged for housing for Plaintiffs in an apartment complex located in the West Ashley area of Charleston, approximately one hour from the

Kiawah work site, and Plaintiffs lived in the apartment complex while working for Kiawah. Kiawah denies the remaining allegations contained in Paragraph 52 of the Complaint, including the reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

53.    Kiawah denies so much of Paragraph 53 as alleges or may be construed to allege that two-bedroom apartments were shared by four Kiawah H-2B workers. Kiawah admits the remaining allegations contained in Paragraph 53 of the Complaint but denies any reference to "other class members" as a class has not been certified or recognized, and demands strict proof thereof.

54.    Answering Paragraph 54 of the Complaint, Kiawah admits so much thereof as alleges or may be construed to allege, that it arranged for a bus to transport Plaintiffs between the apartment complex and the Kiawah work site at specific times every day.  Kiawah denies the remaining allegations contained in paragraph 54 of the Complaint and demands strict proof thereof.

55.    Kiawah admits the allegations contained in Paragraph 55 of the Complaint except for the reference to "other class members" which Kiawah denies, as a class has not been certified or recognized.

56.    Kiawah denies the allegations contained in Paragraph 56 of the Complaint and demands strict proof thereof.

57.    Kiawah admits so much of Paragraph 57 of the Complaint as alleges or may be construed to allege that Kiawah deducted approximately $36 per person every two weeks from Plaintiff's paychecks for transportation. Kiawah denies the remaining allegations contained in Paragraph 52 of the Complaint, including the reference to "other class members" as a class has

not been certified or recognized, and demands strict proof thereof.

58.      Kiawah denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59.      Kiawah denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

60.      Kiawah denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

<u>COLLECTIVE ACTION/CLASS ACTION ALLEGATIONS</u>

61.      Kiawah admits only so much of Paragraph 61 of the Complaint as alleges, or may be construed to allege, that Plaintiffs purport to bring their FLSA claims as a representative action, but denies the remaining allegations contained in Paragraph 61 of the Complaint and demands strict proof thereof

62.      Kiawah admits only so much of Paragraph 62 of the Complaint as alleges or may be construed to allege that written consents purportedly signed by Plaintiffs are attached to the Complaint as Exhibit A.  Kiawah denies the remaining allegations contained in Paragraph 62 of the Complaint and demands strict proof thereof.

63.      Kiawah admits only so much of Paragraph 63 as alleges or may be construed to allege that Plaintiffs purport to bring their SCPWA claim and breach of contract claim on behalf of a class of workers. Kiawah denies the remaining allegations contained in Paragraph 63 of the Complaint and demands strict proof thereof.

64.      Kiawah admits only so much of Paragraph 64 as alleges or may be construed to allege that Plaintiffs seek to bring this action as a Rule 23 class action.  Kiawah denies the remaining allegations contained in Paragraph 64 of the Complaint and demands strict proof

thereof.

65.    Kiawah denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof.

66.    Kiawah denies the allegations contained in Paragraph 66 of the Complaint and demands strict proof thereof.

67.    Kiawah denies the allegations contained in Paragraph 67 of the Complaint and demands strict proof thereof.

68.    Kiawah denies the allegations contained in Paragraph 68 of the Complaint and all subparts thereof and demands strict proof thereof.

69.    Kiawah denies the allegations contained in Paragraph 69 of the Complaint and demands strict proof thereof.

70.    Kiawah denies the allegations contained in Paragraph 70 of the Complaint and demands strict proof thereof.

71.    Kiawah lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71 of the Complaint and, therefore, denies same and demands strict proof thereof.

72.    Kiawah denies the allegations contained in Paragraph 72 of the Complaint and demands strict proof thereof.

73.    Kiawah denies the allegations contained in Paragraph 73, including all of its subparts, of the Complaint and demands strict proof thereof.

## ANSWERING COUNT I
### (Fair Labor Standards Act)
### (Collective Action)

74.    In response to Paragraph 74 of the Complaint, Kiawah repeats and reiterates each

Paragraph above as if set forth verbatim herein.

75.    Answering Paragraph 75 of the Complaint, Kiawah admits only that Plaintiffs purport to set forth a claim for declaratory relief and damages, but denies the remaining allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76.    Kiawah denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

77.    Kiawah denies the allegations contained in Paragraph 77 of the Complaint and demands strict proof thereof.

78.    Kiawah denies the allegations contained in Paragraph 78 of the Complaint and demands strict proof thereof.

79.    Kiawah denies the allegations contained in Paragraph 79 of the Complaint and demands strict proof thereof.

80.    Kiawah denies the allegations contained in Paragraph 80 of the Complaint and demands strict proof thereof.

81.    Kiawah denies the allegations contained in Paragraph 81 of the Complaint and demands strict proof thereof.

## ANSWERING COUNT II
### (South Carolina Payment of Wages Act)
### (Rule 23 Class Action)

82.    In response to Paragraph 82 of the Complaint, Kiawah repeats and reiterates each Paragraph above as if set forth verbatim herein.

83.    Answering Paragraph 83 of the Complaint Kiawah admits only that Plaintiffs purport to set forth a claim for declaratory and injunctive relief, but denies the remaining allegations contained in Paragraph 83 and demands strict proof thereof.

84.     Kiawah admits only so much of Paragraph 84 of the Complaint as alleges that Plaintiffs seek to represent a class, but denies the remaining allegations contained in Paragraph 84 of the Complaint and demands strict proof thereof.

85.     Kiawah denies the allegations contained in Paragraph 85 of the Complaint and demands strict proof thereof.

86.     Kiawah denies the allegations contained in Paragraph 86 of the Complaint and demands strict proof thereof.

87.     Kiawah denies the allegations contained in Paragraph 87 of the Complaint and demands strict proof thereof.

88.     Kiawah denies the allegations contained in Paragraph 88 of the Complaint and demands strict proof thereof.

89.     Kiawah denies the allegations contained in Paragraph 89 of the Complaint and demands strict proof thereof.

90.     Kiawah denies the allegations contained in Paragraph 90 of the Complaint and demands strict proof thereof.

91.     Kiawah denies the allegations contained in Paragraph 91 of the Complaint and demands strict proof thereof.

92.     Kiawah denies the allegations contained in Paragraph 92 of the Complaint and demands strict proof thereof.

### ANSWERING COUNT III
**(Breach of Employment Contract)**
**(Rule 23 Class Action)**

93.     In response to Paragraph 93 of the Complaint, Kiawah repeats and reiterates each Paragraph above as if set forth verbatim herein.

94.     Answering Paragraph 94 of the Complaint, Kiawah admits only that Plaintiffs purport to put forth a claim for damages, but denies the remaining allegations contained in Paragraph 94 of the Complaint and demands strict proof thereof.

95.     Answering Paragraph 95 of the Complaint, Kiawah admits only that Plaintiffs seek to represent a class, but denies the remaining allegations contained in Paragraph 95 of the Complaint and demands strict proof thereof.

96.     Kiawah denies the allegations contained in Paragraph 96 of the Complaint and demands strict proof thereof.

97.     Kiawah denies the allegations contained in Paragraph 97 of the Complaint and demands strict proof thereof.

98.     Kiawah denies the allegations contained in Paragraph 98 of the Complaint and demands strict proof thereof.

99.     Kiawah denies the allegations contained in Paragraph 99 of the Complaint and demands strict proof thereof.

## ANSWERING COUNT IV
### (Third-Party Beneficiary Claim for Breach of Contract)
### (Rule 23 Class Action)

100.    In response to Paragraph 100 of the Complaint, Kiawah repeats and reiterates each Paragraph above as if set forth verbatim herein.

101.    Answering Paragraph 101 of the Complaint, Kiawah admits only that Plaintiffs purport to plead in the alternative the claim for damages, but denies the remaining allegations contained in Paragraph 101 of the Complaint and demands strict proof thereof.

102.    Answering Paragraph 102 of the Complaint, Kiawah admits only that Plaintiffs seek to represent a class, but denies the remaining allegations contained in Paragraph 102 of the

Complaint and demands strict proof thereof.

103.    Kiawah denies the allegations contained in Paragraph 103 of the Complaint and demands strict proof thereof.

104.    Kiawah denies the allegations contained in Paragraph 104 of the Complaint and demands strict proof thereof.

105.    Kiawah denies the allegations contained in Paragraph 105 of the Complaint and demands strict proof thereof.

106.    Kiawah denies the allegations contained in Paragraph 106 of the Complaint and demands strict proof thereof.

107.    Kiawah denies the allegations contained in Paragraph 107 of the Complaint and demands strict proof thereof.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A SECOND DEFENSE THERETO
### (Rule 12(b)(6))

108.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

109.    Plaintiffs' Complaint fails to state any claims upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A THIRD DEFENSE THERETO
### (Compliance with Laws)

110.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

111.    Kiawah's actions concerning Plaintiffs were at all times reasonable, lawful, and made in good faith, and Kiawah has, at all times relevant to this matter, complied with the requirements of the FLSA and the SCPWA.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A FOURTH DEFENSE THERETO

**(Good Faith)**

112.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

113.    Plaintiffs' claim for violation of the FLSA and the SCPWA is barred because Kiawah's actions with respect to Plaintiffs' wages were taken in good faith and based on reasonable grounds for believing it was in compliance with the FLSA and SCPWA.

**FURTHER ANSWERING THE COMPLAINT
AND AS A FIFTH DEFENSE THERETO
(No Liquidated Damages)**

114.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

115.    Even if Kiawah had violated the FLSA or the SCPWA, which is expressly denied, Plaintiffs would not be entitled to liquidated damages because Kiawah acted at all times in good faith and neither knew that its conduct violated the FLSA or SCPWA or any other law, nor showed reckless disregard for whether its conduct violated the FLSA, the SCPWA or any other law.

**FURTHER ANSWERING THE COMPLAINT
AND AS A SIXTH DEFENSE THERETO
(No Jury as to Liquidated Damages, Attorneys' Fees or Costs)**

116.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

117.    Kiawah assert that the issue of liquidated damages, attorney's fees, and costs are issues for the Court and not the jury so that Plaintiffs are not entitled to a jury trial on those issues.

**FURTHER ANSWERING THE COMPLAINT
AND AS A SEVENTH DEFENSE THERETO
(No Willful Conduct)**

118.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

119.    To the extent a violation of the FLSA occurred, which is specifically denied,

Plaintiffs' damages must be limited to a two-year period prior to the filing of the instant action, as Kiawah's conduct was not willful.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A EIGHTTH DEFENSE THERETO
### (SCPWA Preempted by FLSA)

120.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

121.    Plaintiff's claim for violation of the SCPWA is preempted by federal law, namely the FLSA and, therefore, should be dismissed.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A NINTH DEFENSE THERETO
### (No Wages Due)

122.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

123.    Plaintiffs' claim for violation of the SCPWA is barred because at no time did Kiawah fail to pay Plaintiffs wages due to them under or in accordance with that statute.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A TENTH DEFENSE THERETO
### (Estoppel)

124.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

125.    Plaintiffs' claims are barred by the doctrine of estoppel.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A ELEVENTH DEFENSE THERETO
### (Waiver)

126.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

127.    Plaintiffs' claims are barred by the doctrine of waiver.

### FURTHER ANSWERING THE COMPLAINT
### AND AS A TWEVETH DEFENSE THERETO
### (Statute of Limitations)

128.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

129.    Plaintiffs' claims are barred to the extent they have failed to comply with the

applicable statute of limitations.

130.    Plaintiff's claims are barred under the FLSA beyond a two-year statute of limitations.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A THIRTEENTH DEFENSE THERETO
### (Laches)

131.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

132.    Plaintiff's claims are barred by the doctrine of laches.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A FOURTEENTH DEFENSE THERETO
### (Failure to Mitigate)

133.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

134.    Plaintiff's claims are barred to the extent that they have failed to mitigate.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A FIFTEENTH DEFENSE THERETO
### (No Collective Action)

135.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

136.    Plaintiffs cannot satisfy the applicable requirements for proceeding with a collective action and, therefore, Plaintiffs allegations as they relate to a class under the FLSA should be dismissed.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A SIXTEENTH DEFENSE THERETO
### (No Class Action)

137.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

138.    Plaintiffs cannot satisfy the applicable requirements for proceeding with a class action and, therefore, Plaintiffs allegations as they relate to a class under any causes of action should be dismissed.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A SEVENTEENTH DEFENSE THERETO
### (No Contract)

139.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

140.    Plaintiffs' cause of action for breach of contract fails because there is no consideration and the elements of a contract are not present.

141.    Plaintiffs' claim as a third party beneficiary of a contract fails because the existence of a contract cannot be shown.

142.    Plaintiffs' claim as a third party beneficiary of a contract fails because Plaintiffs cannot show they were the intended beneficiary of any existing contract.

## FURTHER ANSWERING THE COMPLAINT
## AND AS A EIGHTEENTH DEFENSE THERETO
### (Reservation)

143.    Kiawah repeats and reiterates the above paragraphs as if set forth verbatim herein.

144.    Kiawah reserves the right to rely upon such other defenses as the evidence may show through the course of discovery and reserves the right to amend this pleading to assert any such defenses

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Kiawah respectfully requests that this Court grant the relief sought below:

1.    Dismiss Plaintiffs' Complaint in its entirety with prejudice;

2.    Order Plaintiffs to pay Kiawah's costs, expenses, and attorneys' fees reasonably incurred in the defense of this action; and

3.    Render to Kiawah any additional relief that the Court deems just and proper.

s/Cherie W. Blackburn

Cherie W. Blackburn                  Fed ID No. 1575
Molly Hughes Cherry                  Fed ID No. 7067
Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
Phone:  843.577.9440
Facsimile:  843.720.1777
CBlackburn@nexsenpruet.com
MCherry@nexsenpruet.com

James B. Hood, Esq.                  Fed ID No. 9130
Hood Law Firm, LLC
172 Meeting Street
Charleston, SC 29401
Phone: 843. 577.4435
Facsimile: 843.722.1630
jameshood@hoodlaw.com

*Pro Hac Vice Admission Pending:*
David J. Garrett
Nexsen Pruet, LLC
4141 Parklake Avenue, Suite 200
Raleigh, NC  27612
Phone:  919.653.7802
Facsimile:  919.890.4552
DGarrett@nexsenpruet.com


*ATTORNEYS FOR DEFENDANT KIAWAH
ISLAND INN COMPANY, LLC, d/b/a KIAWAH
ISLAND GOLF RESORT*

April 21, 2015
Charleston, South Carolina