# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ELVIS MOODIE, RAYON FISHER, DESMOND ELLIS, and KEISHA COLLINS-ENNIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KIAWAH ISLAND INN COMPANY, LLC, d/b/a KIAWAH ISLAND GOLF RESORT, <br><br> Defendant. | Case No. 2:15-cv-01097-RMG |

**PLAINTIFFS' MOTION FOR CERTIFICATION OF A RULE 23 CLASS ACTION**

In accordance with the provisions of Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move this Court for a determination that this action may be maintained as a class action under subsection (b)(3) with respect to the claims set forth in Counts II, III, and IV of the Complaint in this cause. In support of this motion, the Plaintiffs state as follows:

1.   Plaintiffs are "guest workers" from Jamaica who were admitted to the United States to work under the H-2B temporary foreign work visa program. This suit alleges, *inter alia*, that Defendant Kiawah Island Inn Company, d/b/a Kiawah Island Golf Resort ("Kiawah"), failed to pay Plaintiffs and other similarly situated workers all wages due under the South Carolina Payment of Wages Act ("SCPWA") in 2012, 2013, and 2014. The lawsuit also alleges that Defendant breached its H-2B guest worker contracts with Plaintiffs and other similarly situated workers under South Carolina state contract law during the period from 2012 until the date of filing of this action. The lawsuit alleges in the alternative that pursuant to South Carolina contract law, Defendant breached its H-2B guest worker contracts with the U.S. Department of

1

Labor, which were intended to confer a benefit on Plaintiffs and other similarly situated workers, during the period from 2012 until the date of filing of this action.

2.  Plaintiffs seek to represent a class consisting of:

**"All those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b) who were employed by Defendant in 2012, 2013 and 2014."**

3.  Although the exact size of the alleged class is presently unknown, the members of the class are so numerous as to make joinder impracticable. The class is believed to include over 500 individuals. Compl. ¶ 66. In addition, the limited size of each class member's claim, their geographic dispersion throughout Jamaica and in the United States, relative indigence, and relative unfamiliarity with the U.S. legal system makes joinder of all members impracticable. *Id.* ¶ 67.

4.  Common questions of law and fact exist with regard to the members of the class. Compl. ¶ 68. These common questions include the following:

   a. Whether, due to the *de facto* and actual deductions taken from the Plaintiffs' and other class members' wages, the Defendant failed to pay Plaintiffs and other class members their wages due, in violation of the SCPWA.

   b. Whether the failure of Defendant to inform the Plaintiffs and other class members in writing at the time they were hired of the amount and terms of the *de facto* and actual deductions that would be taken from their pay violated the SCPWA.

   c. Whether the failure of Defendant to pay Plaintiffs and other class members the applicable H-2B prevailing wage after Defendant received notification of an increase in the applicable prevailing wages in June and July 2013 violated the SCPWA.

d. Whether, due to the *de facto* and actual deductions taken from the Plaintiffs' and other class members' wages, the Defendant failed to pay Plaintiffs and other class members the applicable H-2B prevailing wage, in violation of the Plaintiffs' and other class members' contracts with the Defendant, or in violation of the Defendant's contracts with the DOL of which the Plaintiffs and other class members were third-party beneficiaries.

e. Whether the failure of Defendant to pay Plaintiffs and other class members the applicable H-2B prevailing wage after Defendant received notification of an increase in the applicable prevailing wages in June and July 2013 violated the Plaintiffs' and other class members' contracts with the Defendant, or violated the Defendant's contract with the DOL of which the Plaintiffs and other class members were third-party beneficiaries.

5. The claims of the Plaintiffs are typical of the proposed class, in that the named Plaintiffs had their wages reduced below the applicable H-2B prevailing wage due to the Defendant's *de facto* and actual deductions from their wages. Compl. ¶ 69. In addition, neither the named Plaintiffs nor other class members were provided any notification in writing at the time they were hired of the *de facto* and actual deductions to be taken from their wages. *Id.* Finally, the named Plaintiffs and the other class members employed during the 2013 season were all not paid the applicable prevailing wage in the second half of 2013, after DOL informed Defendant that it was required to pay a higher H-2B prevailing wage. *Id.* Because Plaintiffs and the proposed class challenge the lawfulness of Defendant's uniform pay practices, it is anticipated that Defendant will assert similar defenses as to all of the individual Plaintiffs and class members.

6.	The named Plaintiffs will fairly and adequately represent the interests of the class. The Plaintiffs' interests are in no way antagonistic to those of other class members. Compl. ¶ 70. All class members will benefit from the relief sought. Plaintiffs' counsel is experienced in federal court litigation on behalf of immigrant workers, including class actions, and will vigorously prosecute this action on behalf of the class. *Id.* ¶ 71.

7.	Common questions of law and fact presented in this case predominate over any individual questions, as the Plaintiffs and other class members all seek to remedy common legal grievances, including the systematic failure of Defendant to properly pay wages.

8.	A class action is superior to other methods of adjudicating this controversy. Because of the class members' geographic dispersion in Jamaica and the United States, indigent status, and relatively small amount of individual recovery, maintenance of individual actions would be unmanageable. Moreover, no other litigation concerning this controversy has been commenced by the class members. It is desirable to have this litigation maintained in this forum, as Defendant conducted significant business in this forum, and important witnesses are located here.

9.	Pursuant to Local Rule 7.02, Plaintiffs' counsel contacted Defendants' counsel with respect to this motion on April 22, 2015.  Defendant opposes the filing of Plaintiffs' motion. The parties were unable to reach agreement.

This motion is further supported by the accompanying Memorandum of Law and Exhibits, which are incorporated herein by reference.

Respectfully submitted,

/s/ Nancy Bloodgood
Nancy Bloodgood (Federal Bar No. 5208)
nbloodgood@fosterfoster.com
Lucy Sanders (Federal Bar No. 10834)

lsanders@fosterfoster.com
Foster Law Firm, L.L.C.
895 Island Park Drive, Suite 202
Charleston, SC 29492
Telephone: (843) 972-0313
Facsimile: (888) 519-0934

Sarah M. Rich* (TX Bar No. 24085551)
sarah.rich@splcenter.org
James M. Knoepp* (GA Bar No. 366241)
jim.knoepp@splcenter.org
Michelle R. Lapointe* (GA Bar No. 007080)
michelle.lapointe@splcenter.org
Southern Poverty Law Center
1989 College Ave. NE
Atlanta, GA 30317
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

* Admitted *pro hac vice*.

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

    Cherie W. Blackburn
    Molly Hughes Cherry
    Nexsen Pruet, LLC
    205 King Street, Suite 400 (29401)
    P.O. Box 486
    Charleston, SC  29402
    cblackburn@nexsentpruet.com
    mcherry@nexsentpruet.com

    James B. Hood
    Hood Law Firm, LLC
    172 Meeting Street
    Charleston, SC  29401
    james.hood@hoodlaw.com

    David J. Garrett
    Nexsen Pruet, LLC
    4141 Parklake Avenue, Suite 200
    Raleigh, NC  27612
    dgarrett@nexsenpruet.com

                                                    /s/ Nancy Bloodgood

this 27th day of April, 2015.